REFUGIO GONZALES v. THE STATE.

No. 13801.  Delivered December 17, 1930.

The opinion states the case.

*S. B. Carr,* of Floresville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the offense of receiving and concealing stolen property; penalty, confinement in the penitentiary for a period of two years.

In the indictment the property is described as follows:

"4 ladies silk dresses of the value of $7.00 each, total $28.00; 2 pair of men's shoes of the value of $10.00 each, total $20.00; 3 pair of men's pants of the value of $5.00 each, total $15.00; 1 sheep lined man's coat of the value of $8.50; the total value of all of said property aggregated $71.50."

From the evidence it appears that from the store of J. C. Merchant a number of articles were stolen, which he described as follows: A number of sheep-lined coats, fifteen pairs of shoes, 200 suits of ladies' silk underwear, ten woolen sweaters, a bunch of silk dresses, men's pants, woolen jackets, neckties, silk hose, caps, and pocket knives, of the reasonable value of $3054.50.

Hiram Segrest, for the State, testified that he and Shorty Rodriguez burglarized the store of Merchant; that they stole a number of articles, none of which were described in detail; that they tied the articles up in a blanket and took them to their room in the town of Kenedy; that the appellant came into the room to warm himself and was given a sheep-lined coat. The bundles of goods were hauled to Diaz's ranch. The appellant, at the request of the accomplices, helped in loading the bundles on a truck. A search was made of the Diaz ranch, and also of the appellant's home. Some articles of the same character though not definitely identified, were found at Diaz's ranch. At the appellant's

home there were found two pairs of pants, one pair of shoes and one sheep-lined coat, but no silk dresses.

The State put in evidence a statement made by the appellant before a justice of the peace in which he stated that he assisted in loading the truck and went to the Diaz ranch; that the truck was there unloaded with his help; that when the bundles were untied he was told to get what he needed; that he got a sheep-lined coat, a pair of shoes, a pair of pants, a shirt, union suit, and a sweater, but no other articles.

There appears to be an absence of any testimony showing that the appellant had possession of the silk dresses as was charged in the indictment of the total value of $28.00. The evidence also fails to show his possession of more than two pairs of pants. Subtracting the alleged value of the dresses and the one pair of pants, making a total of $33.00, from the $71.00, which was the alleged value of the property set out in the indictment, the property received by the appellant would be less than $50.00, which would not constitute him guilty of a felony. The prosecution seems not to be based upon his connection with the stolen property in hauling it to the Diaz ranch. In other words, he is not charged with receiving the property that was hauled to the Diaz ranch, but those article only which are described in the indictment. There is an absence of evidence sufficiently identifying and fixing the value of the various articles which were found at the Diaz ranch, save those which are stated above, of which the appellant took possession and of which the sheriff received from him after the stolen property was discovered at the Diaz ranch. The condition of the record is such as, in our judgment, requires a reversal of the judgment for the reason that the proof fails to show the commission of a felony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*